```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

David Seider,                       )
                                    )
        Plaintiff,                  ) Case No. 1:11-CV-153
                                    )
    vs.                             )
                                    )
Michael J. Astrue,                  )
Commissioner of Social              )
Security,                           )
                                    )
        Defendant.                  )

                         O R D E R

   This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of January 23, 2012 (Doc. No. 14) and Plaintiff David Seider's objections to the Report and Recommendation (Doc. No. 16).  In her Report and Recommendation, Magistrate Judge Bowman concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security Regulations was supported by substantial evidence.  Therefore, Judge Bowman recommended affirming the ALJ's decision and closing this case on the docket of the Court.  For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation.  The decision of the ALJ finding that Plaintiff is not disabled under the Social Security Regulations is **AFFIRMED.**

I. <u>Background</u>

In January 2008, Plaintiff David Seider filed a claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") based on impairments of nerve damage, spinal problems, high blood pressure, and right arm and shoulder pain. Tr. 138. Plaintiff alleged an onset date of disability of November 16, 2007. Plaintiff was 41 years old at the time he filed his application. Plaintiff's past relevant work was as a truck driver, a press operator, a print shop helper, a laborer, a mixer driver, and a medical supplies delivery driver. Tr. 23-24. These were generally semi-skilled to skilled jobs, performed at the medium to heavy level of exertion.

Plaintiff's claims were denied initially and upon reconsideration. He requested and received an evidentiary hearing before an ALJ, which took place in October 2009. In November 2009, the ALJ issued a decision finding that Plaintiff is not disabled under the Social Security Regulations and denying his claims for benefits. In her decision, the ALJ found that Plaintiff has severe impairments of orthopedic problems with a history of surgeries and chronic pain and hepatitis C. Tr. 14. The ALJ found further that Plaintiff has the residual functional capacity ("RFC") to lift 20 pounds occasionally and 10 pounds frequently, stand or walk for 6 hours in an 8 hour day, sit for 6

hours in an 8 hour day, and push and pull occasionally with the bilateral extremities.  Additionally, the ALJ determined that Plaintiff cannot perform repetitive or frequent overhead reaching with the bilateral extremities and that he can never climb ladders, ropes, or scaffolds.  Tr. 15.

In arriving at this RFC, the ALJ found that Plaintiff's impairments could cause his symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the impairments were not credible to extent that they were inconsistent with this RFC.  Tr. 20.  Additionally, the ALJ rejected the opinion of Plaintiff's treating physician, Dr. Green, who stated that Plaintiff is completely disabled from working due to right shoulder nerve entrapment, degenerative shoulder joints, degenerative arthritis of the lumbar spine, hypertension, and hepatitis C.  Tr. 495.  Instead, the ALJ credited the opinion of the state agency reviewing physician, who stated that Plaintiff can perform a limited range of work at the light level of exertion, with additional limitations on pushing, pulling, and overhead reaching.

In discounting Plaintiff's credibility, the ALJ noted inconsistent statements he made concerning substance abuse and use of alcohol.  The ALJ further observed that during the evidentiary hearing, Plaintiff had "a very dramatic presentation, with significant pain behaviors." Tr. 23.  The ALJ also indicated

that Plaintiff's daily activities did not support his claims and that they were not supported by significant objective findings. Id.

The ALJ then found that Plaintiff cannot perform any of his past relevant work.  However, relying on the vocational expert's testimony, the ALJ determined that there are a significant number of jobs in the national economy he can perform with his RFC, including stock clerk, machine tender, produce worker, inspector, and security systems monitor.  The ALJ concluded, therefore, that Plaintiff is not disabled pursuant to the Social Security regulations and denied his claims for benefits.  Tr. 24-25.  The Appeals Council denied Plaintiff's petition for review of the ALJ's decision, making the ALJ's decision the final action of the Commissioner of Social Security.

Plaintiff filed a timely complaint for review of the ALJ's decision.  Plaintiff's Statement of Specific Errors raised two assignments of error: 1) the ALJ violated the "treating physician rule" in rejecting the opinion of Dr. Green; and 2) the ALJ erred in evaluating his credibility and subjective complaints of pain.

Magistrate Judge Bowman found that substantial evidence supports the ALJ's decision.  Judge Bowman found that the ALJ gave good reasons for rejecting Dr. Green's opinion, specifically noting the lack of objective findings to support his opinion that

Plaintiff is completely disabled from working. Judge Bowman noted further that the ALJ's RFC was supported by the opinion of the state agency physician, Dr. Morton. Judge Bowman also determined that the ALJ properly evaluated Plaintiff's credibility and subjective complaints of pain. Judge Bowman again noted the lack of objective medical findings to support Plaintiff's claims. Judge Bowman also concluded that the ALJ properly discounted Plaintiff's credibility based on his inconsistent statements on substance abuse. Finally, Judge Bowman found that the ALJ's credibility determination was supported by Plaintiff's daily activities and his conservative treatment regimen, which consists mostly of prescription pain medication. Accordingly, Judge Bowman recommended that the ALJ's decision be affirmed and the case be closed on the docket of the Court.

Plaintiff filed timely objections to Judge Bowman's Report and Recommendation which are ready for disposition.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might

accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

### III. Analysis

Plaintiff objects to the Report and Recommendation and essentially reiterates his arguments from his Statement of Specific Errors. The Court takes up these issues seriatim.

### A. Treating Physician Rule

Under the treating physician rule, opinions of physicians who have treated the claimant receive controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not

inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). If the ALJ finds that either of these criteria have not been satisfied, he is required to apply the following factors in determining how much weight to give a treating physician's opinion: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." Wilson v. Commissioner of Social Sec., 378 F.3d 541, 544 (6th Cir. 2004). The ALJ must give "good reasons" for rejecting the opinion of a treating physician. The ALJ's failure to comply with the "good reasons" rule is a procedural error which generally requires reversal even if the record otherwise supports the ALJ's determination. Rogers v. Commissioner of Social Sec., 486 F.3d 234, 242-43 (6th Cir. 2007); see also Rabbers v. Commissioner Social Sec. Admin., 582 F.3d. 647, 656 (6th Cir. 2009) (noting that the Wilson opinion left open the possibility that a de minimis violation of the "good reasons" rule can be a harmless error). The ALJ, however, is not required to give any weight to the conclusory opinions of treating physicians that the claimant is unable to work, since that determination is reserved for the Commissioner. Vance v. Commissioner of Social Sec., 260 Fed. Appx. 801, 804 (6th Cir. 2008).

7

Like Magistrate Judge Bowman, the Court finds that the ALJ did not violate the treating physician rule when she rejected Dr. Green's opinion that Plaintiff is completely disabled by shoulder pain, hypertension, and hepatitis C. First, as Judge Bowman indicated, the ALJ was not required to give any weight to Dr. Green's conclusory opinion (Tr. 495) that Plaintiff is completely disabled from working because the ultimate determination of disability is reserved for the Commissioner. See Vance, supra. Second, as the ALJ and the Magistrate Judge determined, Dr. Green's opinion was inconsistent with the medical record, including his own treatment notes.

The record reflects that Plaintiff saw Dr. Green about once a month from February 2004 through December 2008 for a variety of ailments and complaints, including his shoulder and arm pain, hypertension, and hepatitis C. Tr. 353-460. There is no indication in Dr. Green's treatment notes that hypertension and hepatitis impose any significant limitations on Plaintiff's ability to work. The last note on Plaintiff's hepatitis indicates that he was doing well with only a minor elevation in his liver enzymes. Tr. 366-67. Similarly, Dr. Green's treatment notes do not indicate that hypertension imposes any limitations on Plaintiff's ability to work and, indeed, as Judge Bowman indicated, many of his blood pressure readings were within or close to normal limits. E.g., Tr. 355, 361, 362, 364, 368, 369,

8

370, 375, 376, 377, 378, 379, 382; STEDMAN'S MEDICAL DICTIONARY (27th ed. 2000) (defining hypertension as systolic blood pressure greater than 140 or a diastolic blood pressure greater than 90).

Dr. Green's treatment notes do not support his opinion that Plaintiff is disabled from working because of pain. While Plaintiff continued to complain of shoulder pain over time, Dr. Green's treatment notes of record generally do not report his findings upon physical examination or the results of range of motion tests. In April 2007, Dr. Green noted that Plaintiff had full range of motion without evidence of pain. Tr. 406-07. Treatment notes from October and November 2007 show that Plaintiff had tenderness with any range of motion, but there is no indication that he experienced significant pain during the test. Tr. 388-91. Plaintiff complained of left shoulder pain in March 2008, but Dr. Green's notes do not include the results of his findings. Tr. 359. Dr. Green apparently stopped seeing Plaintiff in December 2008. At that point, Dr. Green's treatment notes of record do not indicate that Plaintiff was incapacitated by shoulder pain. Moreover, since Dr. Green had stopped seeing Plaintiff in December 2008, there is no support in the record for his opinion nine months later that Plaintiff's condition had significantly worsened. Tr. 495.

Additionally, Dr. Green's opinion was contradicted by other evidence in the record. As the ALJ noted, in February

9

2008, Dr. Berger of the Mayfield Clinic performed a neurosurgical examination of Plaintiff at Dr. Green's request and found that he had full range of motion in his shoulders without significant pain. Tr. 301. Plaintiff also told Dr. Berger that he works out in order to maintain his shoulder strength. This statement is also inconsistent with a claim of disabling shoulder pain. Plaintiff apparently contends that Dr. Berger's findings do not constitute substantial evidence because his examination was a consultation for surgery and not a disability evaluation. Plaintiff, however, cites no authority to support that the distinction he makes has any legal significance.[1] The importance of Dr. Berger's evaluation is in its results - Plaintiff did not experience any significant pain during the range of motion tests, which contradicts his claim of disabling pain, as well as Dr. Green's opinion that he is disabled by shoulder pain.

---

[1] Plaintiff does cite Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978) in his brief, but that case is inapt. In Beavers, the ALJ had actually determined that the claimant's subjective complaints of pain were credible and awarded him benefits. The Appeals Council implicitly if not explicitly reversed the award of benefits based on a determination that the ALJ's credibility determination was erroneous. The Court of Appeals, however, reversed the Appeals Council, finding that its decision to overrule the ALJ's credibility determination was not supported by substantial evidence. It is not clear to the Court how this case supports Plaintiff's objections. He argues that the ALJ and the Magistrate improperly "transmogrified" negative test results into a conclusion that pain is not an issue, but neither the ALJ or the Magistrate Judge stated that pain is not an issue. Dr. Berger's range of motion tests are consequential, however, because they do contradict a claim of disabling pain.

Additionally, as the ALJ noted, Dr. Green's opinion was contradicted by the opinion of the state agency reviewing physician, Dr. Morton. Since Dr. Green's opinion was not supported by his own treatment notes, and was inconsistent with Dr. Berger's examination results and the opinion of the state agency physician, it was not entitled to controlling weight. See Payne v. Commissioner of Social Sec., 402 Fed. Appx. 109, 111-13 (6th Cir. 2010) (treating physician's opinion not entitled to controlling weight because his treatment notes did not support the limitations he reported).

Plaintiff also contends that Dr. Morton's opinion was not substantial evidence because it was not based on a complete medical record. Plaintiff specifically notes that in formulating his opinion, Dr. Morton did not review Dr. Green's treatment notes or information received after May 2008, which was the date of Dr. Morton's report. There is no requirement, however, that a non-treating source's opinion must be based on a complete or more detailed record to constitute substantial evidence. Helm v. Commissioner of Social Sec., 405 Fed. Appx. 997, 1002 (6th Cir. 2011). Rather, the non-treating source's opinion simply must be supported by evidence in the case record. Id. Here, as the ALJ indicated, Dr. Morton's opinion was consistent with the results of Dr. Berger's examination. Tr. 22. Additionally, Dr. Green's treatment notes likely would not have altered Dr. Morton's

opinion since they are nearly devoid of any findings on physical examination, and, moreover, those findings that are reported are actually consistent with a finding of non-disability. Accordingly, Dr. Morton's opinion constitutes substantial evidence sufficient to reject Dr. Green's opinion.

Plaintiff also argues that the ALJ failed to comply with the second prong of the "good reasons" rule in weighing Dr. Green's opinion, which is to consider "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." See Wilson, supra. The ALJ complied with this rule, however. The ALJ specifically stated that Dr. Green's opinion was not consistent with the longitudinal record. Tr. 23. In other words, the ALJ implicitly if not explicitly considered the length and nature of Plaintiff's relationship with Dr. Green. Moreover, the ALJ's opinion consistently notes the absence of objective findings supporting Plaintiff's claims and the fact that Dr. Green's opinion generally is inconsistent with record as a whole. The ALJ, therefore, complied with the good reasons rule.

Finally, Plaintiff's essential complaint is that in denying his disability claims, the ALJ improperly "played doctor" and substituted his own medical judgment for that of the medical

12

professionals. Judge Bowman effectively repudiated this contention in her Report and Recommendation. Doc. No. 14, at 15 n. 15. The Court agrees with Judge Bowman's observations. The ALJ did not "play doctor" - she simply evaluated the medical evidence as she was required to do.

Plaintiff's objection concerning the ALJ's application of the treating physician rule is not well-taken.

### B. The ALJ's Credibility Evaluation

Plaintiff also contends that the ALJ improperly evaluated his credibility. It is well-settled than an ALJ's credibility determinations are entitled to substantial deference and will not be overturned lightly. Hardaway v. Sec'y of Health & Human Serv., 823 F.2d 922, 928 (6th Cir. 1987); Houston v. Sec'y of Health & Human Serv., 736 F.2d 736 F.2d 365, 367 (6th Cir. 1984).

Plaintiff's objections to the ALJ's credibility determination focuses principally on two issues. First, he contends that it was improper for the ALJ to rely on his inconsistent statements concerning substance and alcohol abuse to discount his credibility. Second, Plaintiff argues that in evaluating his credibility, the ALJ is limited to judging his demeanor during the evidentiary hearing. Plaintiff, however, cites no authority that the ALJ is limited to applying SSR 96-7p, which sets forth factors for evaluating subjective complaints of

pain, in assessing the claimant's credibility. Other courts have in fact recognized the relevancy of the claimant's inconsistent statements concerning the use of alcohol and drugs in evaluating credibility. E.g., Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999); Rusten v. Commissioner of Social Sec., No. 10-35514, 2012 WL 507161, at *1 (9th Cir. Feb. 16, 2012) ("Inconsistent or dishonest statements about drug use can be used to infer a lack of veracity in the claimant's other assertions."); Bolton v. Barnhart, 117 Fed. Appx. 80, 85 (10th Cir. 2004). Moreover, "[i]n assessing the claimant's credibility, the ALJ may use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness and any inconsistent statements in [his] testimony." Tonapetyan v. Halter, 242 F.3d 1144, 1147-48 (9th Cir. 2001) (internal quotation marks omitted). Regarding his second argument, Plaintiff overlooks that the ALJ commented that he made a "dramatic presentation" and displayed significant pain behaviors during the hearing. Thus, the ALJ in fact specifically considered Plaintiff's demeanor and, in the context of her opinion, her observations may reasonably understood to be a determination that Plaintiff was exaggerating his pain during the hearing.

 Moreover, there was a substantial basis for the ALJ to discount Plaintiff's credibility. In addition to her findings as

14

to Plaintiff's demeanor and inconsistent statements, as Judge Bowman observed, Plaintiff's subjective complaints of disabling pain were not supported by objective medical evidence. As the ALJ, the Magistrate Judge, and now this Court have explained, although Plaintiff had multiple surgeries on both shoulders, and sought treatment for pain over a course of time, the physical examination notes of record, including Dr. Green's, do not support his claim of disabling pain.

Accordingly, this objection is not well-taken.

## Conclusion

For all of the reasons stated above, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED. THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date February 28, 2012        s/Sandra S. Beckwith
                                     Sandra S. Beckwith
                          Senior United States District Judge